## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF MICHIGAN

IN RE ALLEN A. LOVE,

        Plaintiff,

v.

GLAXOSMITHKLINE LLC; and
PFIZER INC. PHARMACEUTICAL CO.,

        Defendants.

Hon.

Case No.: _____

Kalamazoo County Circuit No: 2023-0186-NP

**DEFENDANT GLAXOSMITHKLINE LLC'S
NOTICE OF REMOVAL**

**JURY TRIAL DEMANDED**

---

*Pro se* Plaintiff
Allen A. Love
#139864
Thumb Correctional Facility
3225 Conley Drive
Lapper, Michigan 48446

Michael B. Barnett (P86035)
SHOOK, HARDY & BACON LLP
2555 Grand Boulevard
Kansas City, Missouri 64108
(816) 474-6550
mbarnett@shb.com

*Attorney for GlaxoSmithKline LLC*

---

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant GlaxoSmithKline LLC ("GSK") hereby gives notice of removal of this action, *In re Love v. GlaxoSmithKline Pharmaceutical Company*, Case No. 2023-0186-NP, from the 9th Judicial Circuit Court, Kalamazoo County, Michigan to the United States District Court for the Western District of Michigan (Southern Division).[1]  As grounds for removal, GSK states as follows:

---

[1] Plaintiff names "GlaxoSmithKline Pharmaceutical Company" in the Complaint, but there is no such entity.  Because GlaxoSmithKline LLC is the GSK entity typically named in Zantac-related

## INTRODUCTION

1.       This action is one of many related lawsuits filed against manufacturers of Zantac (ranitidine) relating to cancers allegedly caused by the drug.  On February 6, 2020, the Judicial Panel on Multidistrict Litigation ("JPML") created a Multidistrict Litigation ("MDL") in the Southern District of Florida for pretrial coordination of cases like this one—*i.e.*, cases "in which plaintiffs allege that they developed cancer as a result of NDMA formed from Zantac."  *In re Zantac (Ranitidine) Prods. Liab. Litig.*, 437 F. Supp. 3d 1368, 1369 (J.P.M.L. 2020).  The JPML found that centralizing these cases for pretrial purposes "will eliminate duplicative discovery; prevent inconsistent rulings . . . and conserve the resources of the parties, their counsel, and the judiciary."  *Id.*  To date, thousands of actions have been transferred to or filed in the Zantac MDL.

2.       On March 8, 2023, Plaintiff Allen Love filed his *pro se* Complaint in the 9th Judicial Circuit Court, Kalamazoo County, Michigan against two manufacturers and/or sellers of Zantac.[2]  Compl. ¶ 16.  The thrust of the Complaint, like others in the MDL, is that Plaintiff ingested Zantac and, as a direct and proximate result developed cancer—in this case, bladder cancer.  *Id.* ¶ 1.  A copy of the Complaint is attached as **Exhibit 1**.

## VENUE AND JURISDICTION

3.       Venue is proper in this Court pursuant to 28 U.S.C. §§ 102(b)(1), 1391, 1441(a), and 1446(a) because the 9th Judicial Circuit Court, Kalamazoo County, Michigan, where the Complaint was filed, is a state court within the federal judicial district of the Western District of Michigan.

---

complaints such as Plaintiff's here, GlaxoSmithKline LLC presumes it was the target entity of Plaintiff's Complaint and has updated the case caption accordingly in this Notice of Removal.

[2] The Complaint alleges that "James Love is the duly qualified as Power of Attorney and is acting as personal representative of Plaintiff's estate."  Compl. ¶ 4.

4.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) there is complete diversity between Plaintiff and all Defendants; (2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) all other requirements for removal have been satisfied.

**BASIS OF REMOVAL**

**I.      There Is Complete Diversity of Citizenship Between Plaintiff and All Defendants.**

5.      There is complete diversity of citizenship here because Plaintiff is a Michigan citizen, and all Defendants are citizens of states other than Michigan.

6.      Plaintiff is a prisoner in the Michigan Department of Corrections who resides in Lapeer County and is a citizen of the State of Michigan.  Compl. ¶¶ 1, 4; *see also Mason v. Lockwood, Andrews & Newnam, P.C.*, 842 F.3d 383, 390 (6th Cir. 2016) (explaining that "'Citizen' and its variant 'citizenship' have acquired a particular meaning in our law as being equivalent to 'domicile'" and that, for the purposes of diversity jurisdiction, "the law affords a rebuttable presumption that a person's residence is his domicile" (citations omitted)).

7.      For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  A limited liability company is a citizen of every state in which its members are citizens.  *Akno 1010 Mkt. St. St. Louis Missouri LLC v. Pourtaghi*, 43 F.4th 624, 626 (6th Cir. 2022).

8.      Defendant GlaxoSmithKline LLC is, and at the time of the filing of this action was, a limited liability company.  Its sole member is GlaxoSmithKline Holdings (Americas) Inc., a

corporation organized under the laws of Delaware with its principal place of business in Wilmington, Delaware.  Defendant GlaxoSmithKline LLC is, therefore, a citizen of Delaware.[3]

9.    Defendant Pfizer Inc. is, and at the time of the filing of this action was, a corporation organized under the laws of Delaware with its principal place of business in New York, New York. Pfizer Inc. is, therefore, a citizen of Delaware and New York.[4]

10.    Because Plaintiff is a citizen of Michigan and all Defendants are citizens of states other than Michigan, complete diversity of citizenship exists.  *See* 28 U.S.C. §§ 1332(a), 1441(b)(2).

**II.    The Amount in Controversy Exceeds $75,000.**

11.    Plaintiff's claims also satisfy the amount in controversy requirement set forth in 28 U.S.C. § 1332(a).

12.    In diversity jurisdiction cases, the amount in controversy must exceed $75,000.  *See Charvat v. EchoStar Satellite, LLC*, 630 F.3d 459, 462 (6th Cir. 2010) (citing 28 U.S.C. § 1332). "[A] defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).

13.    Courts routinely find allegations of serious injury in product liability actions, including allegations of cancer like those Plaintiff makes here, support an inference that the amount

---

[3] Plaintiff alleges that "Defendant[] GlaxoSmithKline . . . organized and operated [its] business under the Statutes and Laws of the State of Michigan."  Compl. ¶ 16.  However, Defendant GSK is not a citizen of Michigan (and Plaintiff does not allege otherwise).  *See Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 360 (3d Cir. 2013) (holding that GlaxoSmithKline LLC and GlaxoSmithKline Holdings "are both citizens of Delaware").

[4] Similarly, Plaintiff alleges that "Defendant[] Phizer Inc. [sic] . . . organized and operated [its] business under the Statutes and Laws of the State of Michigan."  Compl. ¶ 16.  However, Defendant Pfizer Inc. is a citizen only of Delaware and New York (and Plaintiff does not allege otherwise).

in controversy requirement is met. *See, e.g.*, *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 241 (5th Cir. 2015) (holding that serious medical injuries alleged, including cancer, supported deduction that amount in controversy requirement was met, and reversing district court's rationale for remanding case); *Marie v. Sears Auto Repair Ctr.*, No. 10-CV-6535, 2011 WL 198465, at *1-3 (E.D. Pa. Jan. 20, 2011) (finding amount in controversy exceeded jurisdictional threshold where plaintiff allegedly suffered "severe bodily injuries" that have incurred "substantial medical expenses," physical pain, and mental anguish, and requested damages exceeding $50,000; *see also, e.g.*, *Garza v. Bettcher Indus., Inc.*, 752 F. Supp. 753, 764 (E.D. Mich. 1990) (holding that the Defendant satisfied the amount in controversy requirement where "Plaintiff's attorney affirmatively stated that he would seek more than $50,000 in damages, and that the Plaintiff's medical records revealed that he had undergone four separate surgical procedures for his injury").

14.    Indeed, in another Zantac case in which the plaintiff claimed cancer as an injury, a federal court in the District of Nevada denied a motion to remand where the amount in controversy was not alleged to exceed $75,000, finding that the requirement was satisfied on the face of the complaint by the nature of the injury. *See Brooks v. Sanofi S.A.*, No. 2:20-cv-565-JCM-EJY, 2020 WL 1847682 (D. Nev. Apr. 13, 2020). And in the thousands of personal injury cases in the Zantac MDL, each plaintiff either expressly claimed damages in excess of $75,000 or impliedly did so by filing a lawsuit in federal court and invoking federal diversity jurisdiction. Plaintiffs in those related cases alleged that they were diagnosed with cancer, just as Plaintiff claims here. *See, e.g.*, *Safra v. Boehringer Ingelheim Pharm., Inc.*, No. 20-cv-60019 (S.D. Fla.) (lung cancer); *Deihimi v. Boehringer Ingelheim Pharm., Inc.*, No. 20-cv-22149 (S.D. Fla.) (liver cancer).

15.    Jury awards in Michigan involving similar allegations and injuries likewise have exceeded the jurisdictional threshold. *See, e.g.*, Jury Verdict, *Avram v. McMaster-Carr Supply*

*Co.*, 07-714597-NP (Mich. Cir. Ct., 3d Jud. Cir. Oct. 8, 2009) (awarding $300,000 in future pain and suffering to plaintiff who was diagnosed with asbestosis from exposure to asbestos-containing products and equipment); Jury Verdict, *Nance A. Williams v. Owens-Corning Fiberglass*, 92-223457-NP (Mich. Cir. Ct., 3d Jud. Cir. Mar. 10, 1994) (awarding $350,000 in compensatory damages to plaintiff who allegedly contracted mesothelioma following asbestos exposure); *see also Milter v. Wright Med. Grp., Inc.*, 2011 WL 4360024 (E.D. Mich. Sept. 19, 2011) (holding that alleged injuries from medical device in personal injury and products liability case exceeded the $75,000 threshold, including surgery, hospitalization, exposure to toxic metals, and pain and suffering).

16.    Here, Plaintiff seeks "Compulsory and Punitive Damage as well as Emotional Stress." *Id.* ¶ 3.  In addition to expressly alleging that Defendants Pfizer and GSK are each being sued for $15,000 for compulsory damages, $10,000 for punitive damages, and $10,000 for emotional stress in addition to "attorney fees," Plaintiff also seeks "[s]uch other relief as the court finds just, equitable, and proper under the circumstances."  Compl. ¶¶ 3(a)-(b); *id.* at 10 (Request for Relief).  Plaintiff alleges that he "suffered" significant "Emotional Stress" due to Defendants' actions and his alleged bladder cancer diagnosis and treatment.  Compl. ¶ 1.  In support of these claims, Plaintiff alleges that he endured a "very painful" operation that "was performed to remove the cancerous tumors from [his] bladder." *Id.*  Plaintiff also alleges that "must be re-examine[d] every 6 months . . . since this kind of cancer is very aggressive." *Id.* ¶ 2.

17.    Federal courts in Michigan have recognized that "a plaintiff could purposely plead an amount expressly less than $75,000 but set forth . . . allegations in the complaint that would entitle the successful plaintiff to an amount significantly in excess of the federal diversity jurisdictional threshold." *Borg v. Sears Roebuck & Co.*, 2007 WL 4239258, at *4 (E.D. Mich.

Nov. 30, 2007). Additionally, under Michigan law, a plaintiff is not limited to the award requested in the complaint; rather, the state's procedural rules permit a plaintiff to plead an amount less than $75,000 but set forth allegations in the complaint that would entitle the successful plaintiff to an amount significantly in excess of the federal diversity jurisdictional threshold.  *See* Mich. Ct. R. 2.601(A) ("[E]very final judgment may grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded that relief in his or her pleadings."); Mich. Comp. Laws § 600.2946a; *see also Rogers v. Wal–Mart Stores, Inc.,* 230 F.3d 868, 871 (6th Cir. 2000).

18.     Taken together, Plaintiff's allegations make clear that the amount in controversy exceeds $75,000, exclusive of interest and costs.

### III.     All Other Removal Requirements Are Satisfied.

19.     The Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

20.     Defendant GlaxoSmithKline LLC was served with the Complaint on May 2, 2023. Defendant Pfizer Inc. has not been served with the Complaint to date.

21.     Removal pursuant to 28 U.S.C. § 1441(a) requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A).  Although Defendant Pfizer Inc. has not been served and therefore is not required to join in or consent to the removal, Defendant Pfizer Inc. nonetheless consents to removal of this action.

22.     GSK is providing Plaintiff with written notice of the filing of this Notice of Removal as required by 28 U.S.C § 1446(d).

23.     Pursuant to 28 U.S.C § 1446(d), GSK is filing a copy of this Notice of Removal with the Clerk of the 9th Judicial Circuit Court, Kalamazoo County, Michigan.

24.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in state court—as available from the state court docket or otherwise made available to GSK at the time of filing of this Notice—are attached hereto. The only filing on the state court docket is the Complaint attached as **Exhibit 1**.

25.    By filing this Notice of Removal, GSK does not waive any defense that may be available and reserves all such defenses, including but not limited to those related to service of process and lack of personal jurisdiction.  If any question arises regarding the propriety of the removal to this Court, GSK requests the opportunity to present a brief oral argument that this case has been properly removed.

26.    No previous application has been made for the relief requested herein.

**IV.    Demand for Jury Trial.**

27.    GSK hereby demands a jury trial on all claims and issues so triable.

## CONCLUSION

WHEREFORE, GSK gives notice that the matter bearing Case No. 2023-0186-NP pending in the 9th Judicial Circuit Court, Kalamazoo County, Michigan, is removed to the United States District Court for the Western District of Michigan (Southern Division), and request that this Court retain jurisdiction for all further proceedings in this matter.


DATED: May 30, 2023                    Respectfully Submitted,

                                       SHOOK, HARDY & BACON

                                       By: /s/ Michael B. Barnett
                                       _____

                                       Michael Barnett (P86035)
                                       Shook, Hardy & Bacon LLP
                                       2555 Grand Boulevard
                                       Kansas City, Missouri 64108
                                       Telephone: (816) 474-6550

Fax: (816) 421-5547
mbarnett@shb.com

*Attorney for GlaxoSmithKline Pharmaceutical Company*

## <u>CERTIFICATE OF SERVICE</u>

I, Michael Barnett, hereby certify that on May 30, 2023, the foregoing was filed via the Court's

CM/ECF system, and that Plaintiff was served with the foregoing by certified mail.

                                                    /s/ Michael B. Barnett

```
Pro se Plaintiff
Allen A. Love
#139864
Thumb Correctional Facility
3225 Conley Drive
Lapper, Michigan 48446
```