FILED - KZ
August 24, 2023 1:45 PM
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
ems  Scanned by ES /8/24

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

ALLEN A. LOVE

    PLAINTIFF,

VS.                              HON. ROBERT J. JONKER

                                      Case. No. 1:23-cv-557

GLAXOSMITHKLINE

PHARMACEUTICAL COMPANY

PFIZER INC.

    DEFENDANT.

_____/

## MOTION FOR DEFAULT JUDGMENT

PURSUANT MCR 2.603(A)(1) AND Fed.R.CIV.P. 55(B)(1)...

    Now Comes, Plaintiff Allen A. Love, acting in Pro Se moves this Honorable Court to enter and GRANT ENTRY OF DEFAULT JUDGEMENT against Defendants GlaxoSmithKline Pharmaceutical Company and Pfizer Inc. for failure to State a Claim or otherwise defend. Both Defendants have abandon all defenses in this case even after an extension was given by Judge Jonker on June 16, 2023. This extension was to be answered by August 4, 2023 which have come and gone without any answer by the Defendants.

Plaintiff now ask this Court to render its Judgement for the following reasons;

## HISTORY

1. Plaintiff filed in the Kalamazoo 9th Circuit State Court a complaint alleging that both Defendants violated his due process rights by manufacturing and distributing a drug known as (Zantac/Ranitidine) that causes cancer.

At issue is this molecule nitrosodimethylamine known as ranitidine. Ranitidine, commonly known as Zantac, alleviates heartburn. Plaintiff allege that this same product ranitidine is defective. And it is alleged that while ranitidine alleviates heartburn, it also promotes the growth of cancer that was the proximate cause of Plaintiff injury.

2. In Plaintiff Complaint which read as follows; "This is a Civil Right Tort between these parties or other parties arising out of the transaction or occurrence alleged in this complaint that has never been filed previously in this Court. Nor has there been any case number given to this complaint nor any Judge assigned to said action. This action is not pending in any other court. Jury trial requested.

## THE COMPLAINT

1. In 2002, Plaintiff who is a prisoner in the Michigan Department of Corrections was seen by one of its medical staff in Muskegon Correction Facility for heartburn/acid reflux. Plaintiff was prescribed a drug called Zantac/Ranitidine. Plaintiff took this over-the-counter medicine thinking it was safe for over six years from 2002 to 2008. See Appendix (A). The FDA recommended a daily dosage of 95ng for human usage, but these pharmaceutical companies prescribed a daily dosage of 150-300mg. Then Plaintiff was transferred throughout the system until he landed up in Thumb Correction Facility where he began urinating dark red blood. He went over to Thumb Health Care Service, to find out what was causing this. Over the next 12 months medical staff did a series of tests on Plaintiff. Then after going to Henry Ford Allegiance Health hospital, Plaintiff met a doctor named Dr. Tony Pinson who examine him and found cancerous cells. There were lesions in Plaintiff bladder about 5cm in length. These lesions had developed into cancer and was at a stage three. Dr. Pinson Pathologocal Diagnosis was; 'Bladder tumor, transurethral resection: noninvasion papillary high-grade (3of3) urothelial carcinoma musculartis is present here invasion of muscularsis by urothelial carcinoma is not identified here. I had been taken Zantac/Ranitidine over the years.

An operation was performed to remove the cancerous tumors from Plaintiff's Bladder. Plaintiff underwent endocystoscopy with a 22-French rigid cystoscope that was very painful during examination. Dr. Pinson removed the cancer cells but Plaintiff

must be re-examine every six (6) months for now on to see if the cancer has return, since this kind of cancer is very aggressive. Then in 2021, Plaintiff saw a T.V. commercial talking about the danger of Zantac/Ranitidine and how you can developed Bladder Cancer from its use over a period of time. Plaintiff took this drug for over six years. This is when Plaintiff first became aware of this drug and its effects.

## JURISDICTION

This Court has personal jurisdiction because the state's long-arm statute authorizes jurisdiction and gives jurisdiction to comports with jurisdictional due process. One of Michigan's long-arm statutes MCL 600.715 provides for jurisdiction over a corporate defendant where that defendant has either (i) engaged in the transaction of any business within the state or (ii) effected the doing or causing of any act to be done, or consequences to occur in the state resulting in an action for tort. The manufacturing and distributor of a drug known to cause cancer that has resulted in this instant tort action. MCL 600.715

Under USCS Fed. Rules of Civ. Proc. Rule 8, both GlaxoSmithKline Pharmaceutical Company and Pfizer Inc. has failed to give any Affirmative Defense in this case. In this same court rule (b)(6) states, "An allegation other than one relating to the amount of damages is admitted if a responsive pleading is required and the allegation is not denied. If a responsive

pleading is not required an allegation is considered denied or voided".

Rule 55(A) states that the Clerk must enter default and in this case the Clerk did entered default, when a party against whom a judgement for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by an affidavit or otherwise. Fed. R. Civ. P. 55(A)

Article III Standing which enforces the Constitution's case embodies judicially self-imposed limits on the exercise of federal jurisdiction, See **Elk Grove Unified Sch. Dist. v. Newdow**, 542 U.S. 1,11; 124 S. Ct. 2301; 159 L.Ed.2d 98 (2004). Article Standing requires the Plaintiff shows, (1) injury infact; (2) a causal connection or traceability, and (3) redress ability.

## STANDARDS FOR DEFAULT JUDGEMENT

3.  This court should consider whether there is a possibility that the outcome of this lawsuit, after a jury trial would be any different from the judgement of a default. After considering the fact that both Defendants never gave an Affirmative Defense and only Plaintiff allegations are the record, nothing would change.

There are three standards to look at, (1) whether the Plaintiff will be prejudice, (2) whether the Defendant has a meritorious defense, and (3) whether culpable conduct of the

5

Defendants led to the default. Plaintiff believe that the answer to all three are Yes.

To allow the Defendant's another chance not to present a defense, when Plaintiff is being held responsible to answer all Orders, would be prejudice to Plaintiff if the Defendants are not held to the same standards. Defendants abandoned their defenses in this case, or the rules do not mean anything. GlaxoSmithKline Pharmaceutical Company and Pfizer Inc. knew this product causes cancer there is no defense for fraud. After the Clerk has entered default the Court may enter default judgement under rule 55(B)(2). Both court rules Fed. R. Civ. P. 55(B)(2) see **State Farm Bank. F.S.B. v. Sloan No. 11-cv-10385; 2011 U.S. Dist. LEXIS 57652, and MCR 2.602(B)(1)(D); Rahaman v. Spine Specialist of Mich. 2022 U.S. Dist. LEXIS 23913 (Nov.30,2022);** both gave up their right to a defense and waived their right.

Since April 27, 2023 Pfizer Inc. had plenty of chances to present a defendant and chose not to. This Court gave an Order to respond by August 4, 2023 to the pleadings and once again both Defendant's chose not to obey the Court Order. These Defendants acted purposely, knowingly, recklessly, and negligently in trying to mis-lead this court in stating they have not been served.

Under Fed. R. Civ. P. Rule 4(e)(1) it authorizes service by following state law service methods. In Michigan, a Plaintiff may serve a corporation by; (1) serving a summon and a copy of the

6

complaint on an officer or the resident agent. Michigan legislature's use of the word "<u>any</u>" to define the amount of business that must be transacted and established that even the slightest transaction is sufficient to bring a corporation within Michigan's long-arm jurisdiction. This process was send to both companies and signed for it. These agent of these companies were authorized by law to receive certified mail on that company behalf. See Appendix's (C)(D). Both Defendant's knew the danger of this product and they sold it anyway. They are the Proximate Cause of Plaintiff injury.

## RELIEF SOUGHT

As to Defendant Pfizer Inc. as in the original Complaint they are being sued for $15,000,000.00 Million Dollars for Compulsory Damage, and $10,000,000.00 Million Dollars for Punitive Damages, And another $10,000,000.00 Million Dollars for Emotional Stress. As to Defendant GlaxoSmithKline Pharmaceutical Company they are being sued for $15,000,000.00 Million Dollars for Compensatory Damage, another $10,000,000.00 Million Dollars for Punitive Damage, and another $10,000,000.00 Million Dollars for Emotional Stress.

Plaintiff is entitled to the amounts mention because both Defendants knowingly sold a product that causes cancer. They committed fraud by not revealing this active ingredient N-Nitrosodimethylamine and then withheld that information from

Plaintiff. As a result that product was the proximate cause of Plaintiff injury. Defendant Pfizer Inc. mis-lead the court by saying they were not served when infact they were. Plaintiff must go to treatment every six months for the rest of his life to see if this cancer has came back. The examine itself is painful bcause a tube must be inserted through the penis into the Bladder. Because of the procedure Plaintiff cannot have a sex life because it leave him impotent.

## DEFAULT HISTORY

A Summon and Complaint was filed in the Kalamazoo 9th Circuit Court on April 3, 2023. Plaintiff sent a Complaint to both defendants Pfizer Inc. receiving their first having a place of business here in Michigan. Using the US Mail Service by Certified Mail with a return receipt. Their response date was May 26, 2023 and receive it April 27, 2023.

GlaxoSmithKline Pharmaceutical Company received their copy of the Summon and Complaint on May 4, 2023, as shown by the copy of the receipt signed by their agent and have admitted receiving it. See Appendix (D), their deadline date was due June 5, 2023. Plaintiff send in the State Court a Entry of Default, but this case was transferred out of State Court into Federal Court where it is now.

On June 15, 2023 the Honorable Robert Jonker gave an Order

8

to Defendants who are represented by their attorney Michael Barnett, the court gave an extension until August 4, 2023 to file a responsive to the pleading. GlaxoSmithKline Pharmaceutical Company and Pfizer Inc. still have not responded and neglected the Order of the Court. Default Judgement should be Granted to Plaintiff for what relief he ask for in the complaint.

THEREFORE, Plaintiff Allen A. Love, prays this Honorable Court grant the Motion for Default and enter Judgement in favor of Plaintiff for failure to respond or defend. And render to Plaintiff anything else this court deems just and fair.

Respectfully Submitted

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

CC: Attorney Michael Barnett
    Clerk of the Court
    Attorney Mark Cheffo

9



Mr. Allen A. Love Jr. #825547
3225 John Conley Drive
Thumb Correction Facility
Lapeer, Michigan 48446

Clerk of the Court
United States District Court
Western District of Michigan
410 W. Michigan Avenue
Kalamazoo, Michigan
Legal Mail 49007