UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN A. LOVE,

    Plaintiff,

v.

GLAXOSMITHKLINE PHARMACEUTICAL
COMPANY, et al.,

    Defendants.
_____/

CASE NO. 1:23-CV-557

HON. ROBERT J. JONKER

## ORDER

Plaintiff is a State prisoner who filed suit in Kalamazoo County Circuit Court alleging that he developed bladder cancer because of acid reflux medication marketed by defendants. Defendants removed the matter here and notified the MDL of a possible tag-along action. The MDL Court entered a conditional transfer Order. It later stayed that Order to give plaintiff a chance to challenge it. The MDL is expected to rule by the end of this month.

The MDL process can be confusing for originating courts, partly because the full MDL docket is not always available to the originating court. The process is even more confusing when a plaintiff is proceeding pro se, as in this case. And when that pro se plaintiff is a State prisoner, things are even more convoluted because the prison mailbox rule affects the timeliness of plaintiff's submissions. And if all that were not enough, this Court's original concern about whether plaintiff was really proceeding on his own claim, or attempting to proceed as a representative of someone else, added another layer of confusion.

Currently pending before the Court is plaintiff's motion for default judgment. (ECF No. 28). The premise of the motion is that Defendants have not answered or moved in this Court in

response to the Complaint by the deadline this Court set. That is true enough, but it does not entitle plaintiff to the relief he seeks. First, there has not yet been a Clerk's Entry of Default entered in the case, and that is a prerequisite to a default judgment under Rule 55. Second, it is not even clear whether this Court has jurisdiction to proceed at all, much less to enter a judgment of any kind, before the MDL makes a final decision on the transfer. Defendants have treated the transfer Order as in effect, at least conditionally, and say they have filed responsive pleadings in the MDL. Finally, the one thing that is clear from the record is that the defendants are actively litigating this case, both here and in the MDL, so there is no factual basis to support entry of a Clerks' Entry of Default or a Default Judgment.

Accordingly, plaintiff's motion (ECF No. 26) is **DENIED**. To avoid any further procedural confusion, the Court now enters a **stay of proceedings** in this Court pending decision by the MDL on transfer.

**IT IS SO ORDERED.**

Dated:  September 18, 2023

/s/ Robert J. Jonker
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE